# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 3888 | DATE | SEPT. 26, 2001 |
| CASE TITLE | NATIVE AMERICAN ARTS, INC. v. CRACKER BARREL OLD COUNTRY STORE, INC., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Defendant's motion to dismiss [6-1] is denied. Ruling date of October 3, 2001 is vacated. Defendant shall answer the complaint within two weeks. All discovery is to be completed by January 15, 2002. Status hearing set for November 28, 2001 at 11:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 27 2001 | |
| | Notified counsel by telephone. | | date docketed | 13 |
| | Docketing to mail notices. | | CM | |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 SEP 26 PM 5:40 | 9/26/2001 | |
| | | | date mailed notice | |
| cw | courtroom deputy's initials | | MQM | |
| | | Date/time received in central Clerk's Office | mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 2 7 2001

NATIVE AMERICAN ARTS, INC.,

    Plaintiff,

v.

CRACKER BARREL OLD COUNTRY
STORE, INC. and JOHN DOES,
1 TO 10, Unidentified
Suppliers to Cracker Barrel
Old Country Store, Inc.,

    Defendants.

No. 01 C 3888

## MEMORANDUM OPINION AND ORDER

On May 25, 2001, plaintiff Native American Arts, Inc. filed its complaint alleging that defendant Cracker Barrel Old Country Store, Inc. and unnamed suppliers sold arts and crafts falsely indicated to be produced by Native Americans in violation of the Indian Arts and Crafts Act of 1990 and the Indian Arts and Crafts Enforcement Act of 2000. See 25 U.S.C. §§ 305 et seq. This conduct allegedly occurred at specifically identified Cracker Barrel establishments in Illinois and Michigan. Marketing and display of the allegedly infringing goods is alleged to have occurred at each store on a specific date "and thereafter to the present date." The specified dates range from

April 2, 1996 to November 11, 1997. Presently pending is defendant's motion to dismiss on the ground that plaintiff's claims are barred by the statute of limitations.

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff's well-pleaded allegations of fact are taken as true and all reasonable inferences are drawn in the plaintiff's favor. Leatherman v. Tarrant County Narcotics & Intelligence Unit, 507 U.S. 163, 164-65 (1993); Stachon v. United Consumers Club, Inc., 229 F.3d 673, 675 (7th Cir. 2000); Swofford v. Mandrell, 969 F.2d 547, 549 (7th Cir. 1992). Compliance with a statute of limitations need not be pleaded in the complaint, but the timeliness of a claim can be raised on a motion to dismiss if the plaintiff has pleaded facts showing that the claim is untimely. See Tregenza v. Great American Communications Co., 12 F.3d 717, 718 (7th Cir. 1993), cert. denied, 511 U.S. 1085 (1994); Early v. Bankers Life & Casualty Co., 959 F.2d 75, 79 (7th Cir.1992); Brown v. Chicago Board of Education, 2001 WL 290203 *1 (N.D. Ill. March 16, 2001).

Here, plaintiff has alleged that the allegedly improper marketing occurred from specific dates until the present. Therefore, regardless of whether the limitation period is three years, four years, five years, or some other period of time, at least some of the allegedly violative conduct occurred within the limitation period. Therefore, plaintiff's complaint is not

subject to dismissal. While recoverable damages may be limited by the appropriate statute of limitations, it is likely to be appropriate to permit discovery to go back further than the limitation period.[1] Since at least some portion of the claims fall within the limitation period, it is unnecessary at this time to determine the appropriate limitations period to apply. Defendant's motion to dismiss will be denied without prejudice to raising any appropriate limitations issue on summary judgment.

IT IS THEREFORE ORDERED that defendant's motion to dismiss [6-1] is denied. Ruling date of October 3, 2001 is vacated. Defendant shall answer the complaint within two weeks. All discovery is to be completed by January 15, 2002. Status hearing set for November 28, 2001 at 11:00 a.m.

ENTER:

William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: SEPTEMBER 26, 2001

---

[1] Plaintiff also contends that, even if there is a three-year limitation period, earlier claims were not discoverable until within the limitations period. That contention would require resolving factual issues outside of the complaint and therefore could not be resolved on a motion to dismiss.